13-3268
*Garguilio v. Heath*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Fordham University School of Law, at 150 West 62nd Street, in the City of New York, on the 10th day of October, two thousand fourteen.

Present:    ROBERT A. KATZMANN,
                    *Chief Judge*,
            DENNY CHIN,
                    *Circuit Judge*,
            LORETTA A. PRESKA,
                    *Chief District Judge*.[*]

_____

ANDREW GARGUILIO,

                    *Petitioner-Appellant*,

                    v.                                      No. 13-3268

PHILIP HEATH, as Superintendent of the Sing Sing
Correctional Facility,

                    *Respondent-Appellee*.

_____

For Petitioner-Appellant:              STEVEN R. KARTAGENER, New York, NY.

_____

[*] The Honorable Loretta A. Preska, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

For Respondent-Appellee:                    CAMILLE O'HARA GILLESPIE (Leonard Joblove, *on the brief*), Assistant District Attorneys, *for* Kenneth P. Thompson, Kings County District Attorney, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the decision of the district court be and hereby is **AFFIRMED**.

Petitioner-Appellant Andrew Garguilio appeals from a final judgment entered on August 1, 2013, by the United States District Court for the Eastern District of New York (Weinstein, *J.*) denying his petition for a writ of habeas corpus. He argues that the district court erred in finding that the state court's decision denying him post-conviction relief was not based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo the district court's denial of a writ of habeas corpus. *Hawthorne v. Schneiderman*, 695 F.3d 192, 195 (2d Cir. 2012) (per curiam). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief to a person in custody pursuant to the judgment of a state court with respect to any claim adjudicated on the merits in state court proceedings unless one of two conditions is met: the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or that decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). On appeal, Garguilio argues only that

2

the finding that his counsel's conflict of interest did not have an adverse affect on his representation was based on an unreasonable determination of the facts.[1] *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *see also United States v. Moree*, 220 F.3d 65, 69 (2d Cir. 2000) (articulating the standard for ineffective assistance claims made on the basis of conflicts of interest).

"The Supreme Court has made clear that a 'state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Cardoza v. Rock*, 731 F.3d 169, 177-78 (2d Cir. 2013) (quoting *Wood* v. *Allen*, 558 U.S. 290, 301 (2010). "Where '[r]easonable minds reviewing the record might disagree' as to the relevant finding, that is not sufficient to supplant the state court's factual determination." *Id.* at 178 (alteration in original) (quoting *Rice v. Collins*, 546 U.S. 333, 341-42 (2006)); *see also Rice*, 546 U.S. at 341 (holding the state court's decision was not unreasonable because the record did not "compel the conclusion that the trial court had no permissible alternative" than to decide otherwise). "Nevertheless, the state court's finding might represent an 'unreasonable determination of the facts' where, for example, reasonable minds could not disagree that the trial court misapprehended or misstated material aspects of the record in making

---

[1] In addition, 28 U.S.C. § 2254(e)(1) instructs that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." But the Supreme Court and this Court have declined to clarify the precise relationship between § 2254(d)(2) and § 2254(e)(1). *See Wood* v. *Allen*, 558 U.S. 290, 300-01 (2010); *Jones v. Murphy*, 694 F.3d 225, 238 n.4 (2d Cir. 2012). We again see no need to decide that issue, because we find that Garguilo has failed to satisfy his burden under either statutory subsection: he has not shown that the state court's decision was based on an unreasonable determination of the facts, and accordingly has also not shown by clear and convincing evidence that the state court's factual findings were incorrect. *See Jones*, 694 F.3d at 238 n.4.

its finding, or where the court ignored highly probative and material evidence." *Cardoza*, 731 F.3d at 178 (citations omitted).

The state court found that Garguilio and his counsel Ronald Aiello entered into a contingent fee arrangement in the state criminal proceeding, under which Garguilio would pay Aiello a $75,000 bonus if Garguilio was acquitted. Such an agreement is a paradigmatic example of a conflict of interest. *See Winkler v. Keane*, 7 F.3d 304, 307-308 (2d Cir. 1993) ("Plainly the contingency fee agreement created an actual conflict of interest."); *see also* N.Y. Rules of Prof'l Conduct R. 1.5(d) ("A lawyer shall not enter into an arrangement for, charge or collect: (1) a contingent fee for representing a defendant in a criminal matter . . . ."). The state court also found, however, that Garguilio was not deprived of his right to effective assistance of counsel because this conflict did not have an adverse effect on Aiello's representation.

Garguilio argues that the contingent fee arrangement adversely affected Aiello's representation by causing him to reject the mitigation defense of extreme emotional disturbance. Under New York law, that affirmative defense can mitigate the crime of second-degree murder to first-degree manslaughter. *See* N.Y. Penal Law §§ 125.20(2), 125.25(1)(a). Garguilio asserts that Aiello disfavored this defense because he believed that the jury would be likely to reach a compromise verdict of first-degree manslaughter on grounds of extreme emotional disturbance. Because of the contingent fee, Garguilio argues, Aiello wanted instead to take an all-or-nothing approach, which had the possible upside for Aiello of a $75,000 bonus if Garguilio were acquitted but the possible downside for Garguilio of a second-degree murder conviction.

The state court credited testimony from Garguilio's other counsel, Albert Brackley, that Aiello was firmly opposed to presenting the extreme emotional disturbance defense. During

4

pretrial preparation, Brackley set up a mock jury exercise to test the persuasiveness of Garguilio's possible defense theories, including the extreme emotional disturbance defense. When Aiello learned of the exercise, he objected, telling Brackley that Garguilio would "be convicted of [extreme] emotional distress in a minute." J.A. at 196. He then told Garguilio and his family that they had to cancel the mock jury exercise because the mock jurors could be subpoenaed by the prosecution as trial witnesses–a spurious justification that the state court described as "odd." *Id.* at 64**.** At trial, Aiello did not mention the extreme emotional disturbance defense in his opening, and the jury was not charged on that defense. Aiello also opposed submitting the lesser-included offenses of first- and second-degree manslaughter to the jury, but the jury was eventually charged on those offenses at Brackley's insistence.

The state court found that these facts were not sufficient to show that the contingent fee adversely affected Aiello's performance. First, it stated that the contingent fee gave Aiello no logical reason to oppose the extreme emotional disturbance defense, because that defense could only mitigate second-degree murder to first-degree manslaughter. Consequently, that defense could only be relevant if the jury had already found that the elements of second-degree murder were met, in which case Aiello could not possibly earn his bonus fee. Second, the state court held that there were "plausible legitimate explanations" for Aiello's decision not to present the extreme emotional disturbance defense at trial. *Id.* at 63. It mentioned in particular the risk of confusing the jury and the fact that a lower sentence might not make much difference to Garguilio given his advanced age.

We cannot conclude that these factual findings were unreasonable. While it is certainly plausible that Aiello's motivation for opposing the extreme emotional disturbance defense was

the existence of the contingent fee arrangement, it is also plausible that Aiello's motivation was strategic, particularly because Aiello was concerned that Garguilio would "be convicted of [extreme] emotional distress in a minute" by a jury. *Id.* at 196.

Accordingly, the district court's denial of Garguilio's petition for a writ of habeas corpus is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK